1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11 UNITED STATES OF AMERICA,

12                        Plaintiff,

13    v.

14 ALBERT MAURICIO GAITAN,

15                       Defendant.

Case No. 18-cr-4662-BAS-1

**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE (ECF No. 62)**

16

17 **I.    BACKGROUND**

18       On November 27, 2018, Mr. Gaitan pled guilty to transporting illegal aliens in

19 violation of 8 U.S.C. § 1324. (ECF No. 30.) According to the Presentence Report ("PSR")

20 (ECF No. 40), Mr. Gaitan was arrested driving an SUV with four illegal aliens hidden

21 inside. (PSR ¶¶ 4–5). He was seen driving at a high rate of speed and initially failed to

22 stop for the Border Patrol. (*Id.*) Defendant has prior convictions for possessing a stolen

23 vehicle and fleeing from a peace officer, as well as several vehicle code violations. (PSR

24 ¶¶ 30, 32.)

25       On October 17, 2019, the Court sentenced Mr. Gaitan to ten months in custody,

26 followed by three years of supervised release. (ECF No. 56.) Mr. Gaitan self-surrendered

27 to begin serving his sentence on January 10, 2020, and has now served approximately six

28 months of his ten month sentence. (ECF No. 57.)

- 1 -

1    Mr. Gaitan is almost thirty years old.  At the time of his Probation interview he

2    "reported he is physically healthy overall," but that he suffers from an arrythmia and has a

3    defibrillator installed to manage his heart rate.  (PSR ¶ 48.)  Mr. Gaitan moves for

4    compassionate release and home confinement.  He asserts that he has contracted the

5    COVID-19 virus and has recently experienced two cardiac arrests as a result.  (ECF No.

6    62 ("Motion") at 2.)  He further states "medical staff has been too overwhelmed to assist

7    [him] with further follow up."  (*Id.*)  Mr. Gaitan claims that, as of May 12, 2020, the facility

8    he is incarcerated at—FCI Terminal Island—is reporting 150 active cases with 552

9    "recovered."[1]  (*Id.* at 8.)

10    Mr. Gaitan claims he submitted a request for release to the Warden on March 27,

11    but, as of, June 2, 2020, the warden had not yet made a determination about his request for

12    release.  (Motion at 13.)  The Government has filed a Notice of Non-Opposition to the

13    Motion seeking immediate release, but asks that (1) Mr. Gaitan be required to serve the

14    remainder of his sentence in home confinement at his mother's house in San Bernardino;

15    (2) the Court delay release for 14 days and require Mr. Gaitan to quarantine at Terminal

16    Island pending release; and (3) the Court require medical clearance from the Bureau of

17    Prisons before his release.  (ECF No. 60.)

18    **II.    ANALYSIS**

19    Under 18 U.S.C. §3582(c)(1)(A), a court may, in certain circumstances, grant a

20    defendant's motion to modify his or her term of imprisonment.  Before filing such a motion,

21    the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release.

22    18 U.S.C. § 3582(c)(1)(A).  A court may grant the defendant's motion for a modification

23    in sentence only if the motion was filed "after the defendant has fully exhausted all

24    administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's

25

26

27    [1] The Court notes that the current Bureau of Prisons website, which may or may not be up to date,
reports 6 inmates positive, 2 staff positive, 675 inmates recovered, 15 staff recovered, and 10 deaths at

28    Terminal Island from the corona virus.  www.bop.gov/coronavirus (last visited June 24, 2020).

18cr4662

1    behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the

2    defendant's facility, whichever is earlier." *Id*.

3         In this case, Mr. Gaitan submitted a request for release to the Warden on March 27.

4    Thirty days have lapsed since that request.  Therefore, Mr. Gaitan has fully exhausted his

5    administrative remedies.

6         If the exhaustion requirement is met, a court may modify or reduce the defendant's

7    term of imprisonment "after considering the factors set forth in [18 U.S.C.] section

8    3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons

9    warrant such a reduction" and "such a reduction is consistent with applicable policy

10   statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

11        Mr. Gaitan presents "extraordinary and compelling reasons" to reduce his sentence.

12   He has contracted the COVID-19 virus and has experienced two cardiac arrests as a result.

13   The infection rate at Terminal Island where he is being housed is high.  There is certainly

14   a strong possibility that he will continue to face complications because of his exposure and

15   his heart problems.  Therefore, the Court agrees that extraordinary and compelling reasons

16   warrant a sentence reduction.

17        Further, the Court finds a reduction is consistent with the applicable policy

18   statements issued by the Sentencing Commission.  Mr. Gaitan has served more than half

19   of his sentence.  His health conditions, although mentioned at the time of sentencing, were

20   not as severe as they now appear to be.  The reduction of his sentence is supported by the

21   § 3553(a) factors.

22   **III.   CONCLUSION**

23        The Court **GRANTS** Mr. Gaitan's Motion for Compassionate Release.  (ECF No.

24   62.)  The Court modifies Mr. Gaitan's sentence to a time served sentence followed by three

25   years of supervised release under all of the same terms and conditions as were initially

26   imposed at the time of the original sentence.  The Court will accordingly enter an Amended

27   Judgment.  The Court will not impose home confinement as an additional condition of

28   supervised release.  However, the Court will require Mr. Gaitan to quarantine for a period

18cr4662

1   of 14 days after release from custody. The Court delegates to the Bureau of Prisons the

2   best way to accomplish that quarantine.

3         **IT IS SO ORDERED.**

4

5   **DATED: June 24, 2020**

                             **Hon. Cynthia Bashant**

6                              **United States District Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18cr4662